## 51658. TAYLOR v. TAYLOR.

STOLZ, Judge.

The parties, Louise Bell Taylor (plaintiff) and Edward L. Taylor (defendant) were formerly husband and wife. This appeal is by the plaintiff from a judgment of the Superior Court of Hall County sustaining the defendant's motion for summary judgment and dismissing her suit for damages. The background leading to this litigation is set out in the judgment of the Superior Court of Hall County, which we quote verbatim:

"This complaint was filed in this court on January 13, 1975; the defendant filed an answer in the form of a general denial and also raised the defense of res judicata. The defendant later filed a motion for summary judgment on which a hearing was held on August 26, 1975.

"The records show, and the court finds, that the parties were formerly married and that on January 18, 1973, the plaintiff filed an action for divorce and alimony against the defendant in Fulton Superior Court, which was the case of Louise B. Taylor vs. Edward L. Taylor, Jr., and docketed in that court as file number B-81,597; that the defendant filed an answer to the complaint and that a final judgment and decree was entered in that case on April 29, 1974, which granted plaintiff a divorce and alimony, including certain picture equipment and pictures (hereinafter referred to as pictures), a coin collection and rights in certain insurance policies. The plaintiff filed a rule for contempt against the defendant in Fulton Superior Court on September 27, 1974, alleging that the defendant had not complied with the court's order of April 29, 1974 as to the pictures, coin collection, insurance policies and other items. On November 4, 1974, an order was entered in Fulton Superior Court on this

contempt citation, finding that the defendant was not in contempt of court as to any matter mentioned in the rule for contempt and that order specifically mentioned the insurance policies, coin collection and pictures. The defendant was ordered to return the pictures of the plaintiff within 30 days.

"After the plaintiff filed her complaint in this court, on January 13, 1975, the defendant filed a complaint for contempt against the plaintiff in Fulton Superior Court alleging that the plaintiff's complaint here raised issues previously adjudicated in the Fulton Superior Court case; which constituted wilful and flagrant contempt of court and prayed that the plaintiff be found in contempt of court and punished accordingly.

"On July 14, 1975, an order was issued in Fulton Superior Court finding the plaintiff to be in contempt of that court for filing her complaint in Hall Superior Court raising again the same issues concerning the life insurance policies, picture taking equipment and pictures, and the coin collection that were disposed of in the final judgment and decree in that case, and which were inquired into at the contempt hearing against the defendant on October 30, 1974. The plaintiff there was fined for contempt of court.

"This court finds that each and every issue in the complaint now before the court, was either in issue or could have been put in issue in the plaintiff's complaint for divorce and alimony in Fulton Superior Court; that the final judgment and decree entered in that divorce action on April 29, 1974, some of which were later inquired into by the plaintiff's rule for contempt on which an order issued on November 4, 1974, was a final adjudication of all issues in the complaint now before the court; therefore,

"It is ordered that the defendant's motion for summary judgment is sustained and the plaintiff's complaint is dismissed, and costs hereby assessed against the plaintiff." *Held:*

The issue presented is one of law not fact. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the

judgment was rendered, until such judgment shall be reversed or set aside." Code § 110-501.

The plaintiff has had her day in court. The issues have been fully and fairly tried in the divorce case and the contempt proceeding brought against her former husband. The plaintiff has been held in contempt of court for attempting to relitigate these issues. The Superior Court of Hall County correctly sustained the defendant's motion for summary judgment based on res judicata. *Lowe v. American Machine &c. Co.,* 132 Ga. App. 572, 577 (208 SE2d 585).

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED JANUARY 13, 1976 — DECIDED MARCH 8, 1976 — REHEARING DENIED MARCH 31, 1976 — ▮▮▮▮▮▮▮

*John Genins,* for appellant.
*Burdine & Lindsey, Wendell C. Lindsey,* for appellee.